# NEW YORK COUNCIL OF DEFENSE LAWYERS

c/o Roland G. Riopelle, Esq.
Sercarz & Riopelle, LLP
810 Seventh Avenue, Suite 620
New York, NY 10019
(212) 586-4900
Fax: (212) 586-1234

Roland G. Riopelle
  President
Susan R. Necheles
  Vice-President
Jonathan Bach
  Secretary-Treasurer

**Board of Directors**
Richard F. Albert
Laura Grossfield Birger
Richard Strassberg
Michael Grudberg
Susan Brune
Gordon Mehler
Ira M. Feinberg
Justine Harris
Helen V. Cantwell
David E. Patton

**Ex Officio**
Alexandra A. E. Shapiro

May 30, 2017

**BY HAND AND ECF**

The Honorable Colleen McMahon
Chief United States District Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:**    Amicus Submission in *United States v. David Blaszczak, et al.*,
       No. 17 Cr. 308 (DLC)

Dear Chief Judge McMahon and Judge Cote:

The New York Council of Defense Lawyers ("NYCDL") respectfully submits this letter as amicus curiae to address issues concerning matters of judicial assignment, as set forth in

Honorable Colleen McMahon
Honorable Denise L. Cote
Page 2

defense counsels' letter of May 30, 2017.

The NYCDL is a not-for-profit professional association of more than 300 lawyers, including many former federal prosecutors from the Southern District of New York, whose principal area of practice is criminal defense in New York state and federal courts. NYCDL's mission includes, among other things, promoting the fair and proper administration of criminal justice. NYCDL has often participated in criminal cases as an amicus curiae and its briefs have been cited and discussed in published opinions of the United States Supreme Court and the Second Circuit.

Our concern here is the recurrence of a practice that has continued for some time despite public criticism and pointed questions from the Second Circuit. The issue is whether the United States Attorney's Office for the Southern District of New York is unfairly taking advantage of procedural mechanisms in criminal cases to influence the selection of which judge will preside over a given case. It appears that, in cases where it has discretion to choose among different procedural options, the United States Attorney's Office relies on superseding indictments when it prefers to have what amounts to a new case remain with a particular judge, and relies on new or original indictments when it prefers to have a case assigned to a different judge.

This practice creates at least an appearance of impropriety, as evidenced by the spate of published commentary questioning the practice and advocating the consideration of new rules. Hamblett, Mark, *Inside Trading Conviction Could Spur Rule Change*, N.Y.L.J. (May 7, 2014); Neumeister, Larry, *Judge Grills Prosecutor About Insider Trading Conviction*, N.Y.L.J. (Apr. 24, 2014); Bach, Jonathan, *Insider Trading Case Raises Concerns About Judicial Assignment*, N.Y.L.J. (Sept. 30, 2013); Jacob Gershman, *Judge Kozinski Faults Prosecutors for 'Sleazy' Tactics in Steinberg Case*, WALL STREET JOURNAL, November 20, 2015. Indeed, the Second Circuit went out of its way to question the practice in a prior insider trading case in this District, even though the particular matter was not directly before it. *United States v. Newman*, 773 F.3d 438, 450 n.5 (2014).

There is no question that, in many criminal cases where there have been prior indictments in arguably related cases and new defendants to be charged, the United States Attorney's Office has exercised its sole discretion in determining whether to proceed by superseding indictment or by a new and original indictment. At times, the Government exercises its discretion to proceed by superseding indictment, and at times, the Government exercises its discretion to proceed with a new and original indictment. There appears to be no policy, no articulated rationale, and no consistency governing such choices. A reasonable observer might well conclude that the Government is simply picking and choosing among judges.

The use of a superseding indictment particularly raises an appearance of impropriety where, as here, there is no possibility that the defendant or defendants in a prior proceeding will be tried jointly with any of the newly superseded defendants. Moreover, the appearance of impropriety is heightened where the district judge did not have significant involvement in the prior proceeding and thus the Government cannot claim that assignment to that judge provides any benefit of judicial economy.

Honorable Colleen McMahon
Honorable Denise L. Cote
Page 3

As this Court well knows, questions of judicial assignment raise substantial issues of justice and fairness going far beyond considerations of administrative convenience. The situation presented here requires judicial review with a view to determining whether the procedures followed were appropriate and fair.

We thank the Court for its attention to this matter.

Respectfully,

Jonathan Bach
Co-Chair, NYCDL Amicus Committee

cc: All Counsel of Record (by ECF)